IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | | CRIMINAL ACTION |
| v. | | NOS. 14-0092-1 |
| | : | 15-0050-1 |
| DENNIS WOODS a/k/a DENNIS BOYCE | | |
| *Defendant*. | | |

## MEMORANDUM

**Jones, II   J.**                                                                                         **May 19, 2020**

### I.   Introduction

Defendant brings the instant Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255.  In support of same, Defendant asserts counsel was ineffective for failing to object to Defendant's designation as a career offender.  The government has responded to Defendant's Motion and for the reasons set forth below, said Motion shall be denied.

### II.   History

On February 26, 2014, Defendant and his co-Defendant, Samuel Wiley, were indicted on: Pharmacy Burglary and Aiding and Abetting, in violation of 18 U.S.C. §§ 2118(b) and (2) (Count I), and Possession With Intent to Distribute a Controlled Substance and Aiding and Abetting, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C), and 18 U.S.C. § 2 (Count II).   On February 10, 2015, an Information was filed regarding a separate matter, in which Defendant was similarly charged with Pharmacy Burglary and Aiding and Abetting, in violation of 18 U.S.C. §§ 2118(b) and (2) (Count I), Possession With Intent to Distribute a Controlled Substance and Aiding and

1

Abetting, in violation of 21 U.S.C. §§ 841(b)(1)(C) and 18 U.S.C. § 2 (Count II), and Bank Larceny and Aiding and Abetting, in violation of 18 U.S.C. § 2113(b) and 2 (Count III).

On February 12, 2015, Defendant—represented by private counsel— pleaded guilty to all five Counts of the above-referenced Indictment and Information.  During the plea colloquy administered by the Honorable Lawrence F. Stengel,[1] the issue of an enhancement for career offender status based upon two prior convictions in Pennsylvania for second degree Aggravated Assault was presented to Defendant and he affirmed that he had no questions about same.  (Plea Tr. 24-26, 36, Feb. 12, 2017.)  Moreover, Defendant: affirmed his understanding of the plea agreement (Plea Tr. 7); confirmed his satisfaction with his attorney's representation (Plea Tr. 7); affirmed his understanding of the fact that absent a few narrow exceptions, he was giving up his right to appeal the sentence imposed (Plea Tr. 18-10); and, confirmed that he had no further questions of the court or counsel regarding the facts he was pleading to and potential sentence he could face (Plea Tr. 36).

On July 13, 2017, Judge Stengel imposed a sentence of 132 months' imprisonment followed by three (3) years' supervised, a special assessment of $500, and restitution in the amount of $276,666.46.  (Sent. Tr. 38-40, July 13, 2017.) The instant Motion followed, in which Defendant now claims counsel was ineffective for failing to object to his status as a career offender.

---

[1] Due to Judge Stengel's retirement from the federal bench, the matter was reassigned to the undersigned for purposes of the instant Motion.

### III.     Standard of Review

A Motion to Vacate, Set Aside, and/or Correct Sentence under 28 U.S.C. § 2255 may be granted when "the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack[.]"  28 U.S.C. § 2255(a).  However, § 2255 contains a one-year statute of limitations, which starts from the latest of:

(1)     the date on which the judgment of conviction becomes final;
(2)     the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
(3)     the date on which the right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
(4)     the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. §2255(f)(1)-(4).

When assessing a § 2255 Motion, a *pro se* habeas petition and any supporting submissions must be construed liberally and with a measure of tolerance.  *Lewis v. Attorney General*, 878 F.2d 714, 721-22 (3d Cir. 1989). The court must grant an evidentiary hearing if the records in the case are "inconclusive on the issue of whether movant is entitled to relief."  *United States v. McCoy*, 410 F.3d 124, 131 (3d Cir. 2005) (citing *Solis v. United States*, 252 F.3d 289, 294-95 (3d Cir. 2001)).  "The standard governing…requests [for evidentiary hearings] establishes a reasonably low threshold for habeas petitioners to meet." *Id.*  (quoting *Phillips v. Woodford*, 267 F.3d 966, 973 (9th Cir. 2001)).  A § 2255 Motion "can be dismissed without a hearing [only] if (1) the petitioner's allegations, accepted as true, would not entitle the petitioner to relief, or (2) the

3

allegations cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact." *United States v. McCoy*, 410 F.3d at 134 (citing *Engelen v. United States*, 68 F.3d 238, 240 (8th Cir. 1995)).

### IV. Discussion

As a preliminary matter, the instant Motion was timely filed. In said Motion, Defendant presents one issue for review by this Court: whether counsel was ineffective for failing to object to the Probation Officer's determination that Defendant's prior convictions for Aggravated Assault qualify as "crimes of violence" and therefore constitute the basis for a career offender enhancement under the Sentencing Guidelines. (ECF No. 83.)

#### A. Effective Assistance of Counsel

The Sixth Amendment right to counsel "is the right to effective assistance of counsel." *McMann v. Richardson*, 397 U.S. 759, 771 n.14 (1970). To prove that counsel was ineffective, Petitioner must establish that: (1) counsel's performance was constitutionally deficient; and (2) that deficiency prejudiced Petitioner. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). Deficient performance "requires showing that counsel made errors so serious that he or she was not functioning as the 'counsel guaranteed to the defendant by the Sixth Amendment.'" *Id.* In essence, Petitioner must show that "counsel's representation fell below an objective standard of reasonableness" under prevailing professional norms. *Id.* at 688. Petitioner must overcome the presumption that, under the circumstances, the challenged action "might be considered sound trial strategy." *Id.* at 690 (quoting *Michel v. Louisiana*, 350 U.S. 91, 101 (1955)). Prejudice requires showing that counsel's errors were serious enough to deprive the defendant of a fair trial. *Id.* at 687.

### B. Aggravated Assault & the Career Offender Enhancement

During the relevant time period, Pennsylvania's Aggravated Assault statute provided in pertinent part as follows:

> § 2702. Aggravated assault.
>
> **(a)** *Offense defined.* — A person is guilty of aggravated assault if he:
>
> * * * *
>
> **(3)** attempts to cause or intentionally or knowingly causes bodily injury to any of the officers, agents, employees or other persons enumerated in subsection (c), in the performance of duty;[2]
> **(4)** attempts to cause or intentionally or knowingly causes bodily injury to another with a deadly weapon;
> **(5)** attempts to cause or intentionally or knowingly causes bodily injury to a teaching staff member, school board member or other employee, including a student employee, of any elementary or secondary publicly-funded educational institution, any elementary or secondary private school licensed by the Department of Education or any elementary or secondary parochial school while acting in the scope of his or her employment or because of his or her employment relationship to the school;
> **(6)** attempts by physical menace to put any of the officers, agents, employees or other persons enumerated in subsection (c), while in the performance of duty, in fear of imminent serious bodily injury[.]

18 Pa.C.S. § 2702(a)(3)-(6).[3]

Pursuant to the Federal Sentencing Guidelines,

> § 4B1.1. Career Offender
>
> (a) A defendant is a career offender if (1) the defendant was at least eighteen years old at the time the defendant committed the instant offense of conviction; (2) the instant offense of conviction is a felony that is either a crime of violence or a

---

[2] Subsection (c) enumerates the classifications of law enforcement personnel contemplated by this statute.

[3] Subsections (a)(1)-(2) are inapplicable to this discussion, as they pertain to Aggravated Assault as a felony of the first degree. Subsections (a)(7)-(9) pertain to use of tear or noxious gases and bodily injury to children, all of which are also inapplicable to this matter.

>controlled substance offense; and (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense.

18 U.S.C.S. App'x § 4B1.1.

### C. Application

As a preliminary matter, neither the fact that Defendant was at least eighteen years old at the time he committed the instant offenses, or that said crimes were controlled substance offenses, is disputed. What Defendant does dispute, are the two prior second degree felony convictions in State court that were utilized to assess a career offender enhancement in this case.

As the government astutely pointed out during the sentencing, Defendant had a criminal history score of 42, when in fact, the Guidelines "max you out" at a Level VI for "13 or more" points. (Sent. Tr. 18-19); *see also* 18 U.S.C.S. Ch. 5, pt. A (Sentencing Table). Although Defendant's foray into a life of crime began at the age of 15 and steadily continued into adulthood, it was his 1997 conviction for Aggravated Assault in the Delaware County Court of Common Pleas (PSR ¶ 131) and again that same year in the Philadelphia Court of Common Pleas (PSR ¶ 156), that form the basis for the enhancement. As the court properly held in *United States v. Ramos*, prior convictions for Aggravated Assault in Pennsylvania constituted predicate crimes of violence for purposes of the federal Guidelines enhancement of career offender because they necessarily involved attempting to cause or causing the type of physical harm to another that cannot be accomplished without force. 892 F.3d 599, 611-612 (3d Cir. Pa. June 15, 2018) (quoting *United States v. Castleman*, 572 U.S. 157, 169 (2014) ("[T]he knowing or intentional causation of bodily injury necessarily involves the use of physical force.").[4]

---

[4] In support of his Motion, Defendant relies heavily upon cases dealing with 18 Pa.C.S.A. § 2702(a)(1), which pertains to first degree Aggravated Assault and is not relevant to the instant

Although the particular subsections of Section 2702 under which Defendant was charged do not appear on the dockets for the two relevant convictions, the summary of facts provided to this Court by the Probation Department—and not objected to by Defendant—show that physical force played a role in both instances.  In the Delaware County case, Defendant attempted to strike a police officer with the getaway vehicle before leading police on a high-speed chase that resulted in at least six (6) further attempts to collide into police throughout the course of an hour.  (PSR ¶ 133.)  These acts fall squarely under 18 Pa.C.S. § 2702(a)(3).  In the Philadelphia matter, Defendant beat a security guard with a club.  (PSR ¶ 157.)  Inasmuch as a security guard is not one of the "officers, agents, employees and other persons" referred to in 18 Pa.C.S. § 2702(c),[5] Defendant's conduct for this offense falls under 18 Pa.C.S. § 2702(a)(4).  Clearly, these two instances of Aggravated Assault involved the "crime of violence" contemplated by § 4B1.1.

Before the facts of these instances were incorporated into the record for purposes of sentencing, Defendant assured the court that he had reviewed same and that the information contained therein was "true and correct."  (Sent. Tr. 4.)  It is well settled that counsel cannot be deemed ineffective for failing to raise a meritless objection.  *See Leach v. Capozza*, No. 19-3021, 2020 U.S. Dist. LEXIS 43880, at *38 (E.D. Pa. March 11, 2020) ("[T]rial counsel cannot be found ineffective for failing to raise a meritless objection.") (citing *United States v. Sanders*, 165

---

discussion.
[5]  Although there is a catchall that provides for "[a]ny person employed to assist or who assists any Federal, State or local law enforcement official[,]" there are no facts to establish the hotel security guard was employed to assist anyone other than the Holiday Inn. 18 Pa.C.S. § 2702 (c)(20); *see also* PSR ¶ 157.

F.3d 248, 253 (3d Cir. 1999). Accordingly, Defendant's ineffectiveness claim fails, leaving no other ground(s) for habeas relief.[6]

### V. Conclusion

In view of the foregoing, Defendant's claim is without merit. Accordingly, his Motion pursuant to 28 U.S.C. § 2255 shall be denied.

An appropriate Order follows.

BY THE COURT:

/s/ C. Darnell Jones, II    J.

---

[6] Defendant does not request an evidentiary hearing, nor would one be warranted in this case. *McCoy*, 410 F.3d at 134.

8